BOWEN, Presiding Judge,
concurring in result only.
I concur only in the affirmance of the appellant’s conviction, but not in the reasons given by the majority in Part I of its opinion.
The majority avoids the issue of the legality of the appellant’s arrest and the legality of the subsequent search and seizure by finding probable cause for that arrest. Clearly, there was probable cause for the appellant’s arrest.
The majority’s cursory analysis of the issue is flawed. First, it is fundamental that a warrantless search cannot be justified on probable cause alone. Vale v. Louisiana, 399 U.S. 30, 34-35, 90 S.Ct. 1969, 1971-72, 26 L.Ed.2d 409 (1970). There is no “probable cause” exception to the requirement of a search warrant. The exception is probable cause phis exigent circumstances. The majority makes no mention of exigent circumstances or any other exception to the requirement of a search warrant.
Incredibly, the majority fails to even mention Payton v. New York, 445 U.S. 573, 576, 100 S.Ct. 1371, 1374-75, 63 L.Ed.2d 639 1980), which holds that absent exigent circumstances, “the Fourth Amendment to the United States Constitution ... prohibits the police from making a warrantless and non-consensual entry into a suspect’s home in order to make a routine felony arrest.” The protection against warrantless arrests within a suspect’s dwelling extends to motel rooms. United States v. Diaz, 814 F.2d 454, 458 (7th Cir.), cert. denied, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987). 1 W. LaFave, Search & Seizure § 2.3(b) at 386 (2d ed. 1987).
However, at the time the appellant was arrested, the Florida law enforcement authorities present at the scene did have two Florida warrants in their possession. In my opinion, this situation offers an opportunity for the application of the “good-faith” rationale of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Furthermore, since the Alabama officers did obtain a fugitive warrant the next day, an argument can be made that the discovery of the evidence was inevitable under Murray v. *840 United States, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). For these reasons, and not for those offered by the majority, I would affirm.